**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TIMOTHY SCAMAN,<br>Plaintiff,<br><br>v.<br><br>MICHAEL R. LIEBERMANN,<br>(in his individual capacity);<br>BRETT BLACK,<br>(in his individual capacity);<br><br>Defendants. | ) | **Jury Demanded**<br><br>Case No. 1:25-cv-03561 |

# COMPLAINT

## PRELIMINARY STATEMENT

1. Defendants, Michael R. Liebermann and Brett Black were, in April 2023, members of a special unit called the Grundy County ProActive Unit. The Grundy County ProActive Unit was designed to target various types of serious crimes, including drug crimes.

2. Being a member of the Grundy County ProActive Unit, however, does not give the participating officers a license to violate the Fourth Amendment to the United States Constitution.

3. On April 20, 2023, Defendants demonstrated an utter disregard for the Plaintiff's Fourth Amendment rights when they arrested him because he refused to consent to Defendants' searching his vehicle. Without a warrant or probable cause, Defendants proceeded to search the Plaintiff numerous times and search his vehicle in the middle of the day on a road and location

where his family, friends and actual or potential customers could see him in handcuffs. None of these searches produced any evidence that Plaintiff had committed any crime.

4. After Defendants' unconstitutional fishing expedition turned up nothing, Defendants did not charge Plaintiff with any type of crime or traffic violation.

5. Defendants are experienced police officers and had to know that their conduct was unlawful and violated the Plaintiff's constitutional rights.

**JURISDICTION AND VENUE**

6. This Complaint seeks remedies pursuant to 42 U.S.C. Sections 1983 and 1988, alleging violations of the Fourth Amendment to the Constitution of the United States of America, as well as the laws of the State of Illinois.

7. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. Sections 1343 and 1367.

8. Venue is proper before this Honorable Court pursuant to 28 U.S.C. Section 1391(b).

**Parties**

9. The Plaintiff, Timothy Scaman, is an individual who currently resides at 401 W. Willaims St., Unit 704, Dwight, Illinois 60420. Plaintiff is a contractor who works on residential properties making repairs, renovations and improvements.

10. Defendant Michael R. Liebermann was, at all times relevant to this Complaint, employed as a police officer by the Channahon Police Department. At all times relevant to this Complaint, Michael R. Liebermann was part of a specialized law enforcement unit called the Grundy County ProActive Unit that was operated and supervised by the Grundy County Sherriff's Department and the Channahon Police Department.

11. Defendant Brett Black was, at all times relevant to this Complaint, employed as a sergeant with the Grundy County Sheriff's Office. At all times relevant to this Complaint, Brett Black was part of the Grundy County ProActive Unit that was operated and supervised by the Grundy County Sherriff's Department and the Channahon Police Department.

## **Facts**

12. On April 20, 2023, Plaintiff picked up a 2005 Chevy Silverado from Tony's Pit Stop at about 4:45 pm ("Silverado"). Plaintiff has recently purchased the Silverado and it needed extensive repairs. The Silverado had been at Tony's Pit Stop for approximately one month.

13. Plaintiff left Tony's Pit Stop with the Silverado and drove to the home of one of his employees. The home was about one mile from Tony's Pit Stop.

14. After showing the Silverado to his employee at the employee's home, Plaintiff got back into the Silverado and started driving home. Plaintiff was at the home of his employee for about 5 to 10 minutes.

15. The employee's home is about one mile from Plaintiff's home.

16. While on Buchanan Street in Morris, Illinois, Defendant Liebermann flashed his lights and pulled Plaintiff over. Defendant Liebermann pulled the Plaintiff over about 3 to 4 blocks from Plaintiff's home. The location where Plaintiff was stopped is just off the main business district for the City of Morris.

17. Defendant Liebermann asked Plaintiff to get out of the Silverado and to walk to the back of the Silverado.

18. Defendant Liebermann did not tell Plaintiff why he was being pulled over.

19. Without any reasonable suspicion that Plaintiff was carrying any type of weapon, nor probable cause the Plaintiff had committed any type of crime, Defendant Liebermann proceeded to search Plaintiff.

20. The search did not reveal that Plaintiff was carrying any contraband, drugs or weapons. The search did not provide a basis for any reasonable officer to conclude that Plaintiff was or had committed a crime.

21. Defendant Liebermann did not tell Plaintiff that the search had uncovered any evidence that would support further searches of the Plaintiff, a search of the Silverado, or the Plaintiff's arrest.

22. After searching Plaintiff, Defendant Liebermann asked Plaintiff if he would consent to a search of the Silverado. Plaintiff refused to consent to the search.

23. Defendant Liebermann then told Plaintiff that if he did not consent to a search of the Silverado, he would arrest Plaintiff. Defendant Liebermann did not give any other reason for Plaintiff's arrest.

24. Plaintiff refused to give consent to the search of the Silverado.

25. A few minutes after Defendant Liebermann pulled Plaintiff over and asked him to get out of the Silverado, two other officers arrived: Defendant Black and Officer Jason Flores.

26. After Defendant Black and Officer Flores arrived at the scene, a brief discussion took place concerning the plates on the Silverado. The plates were expired and belonged to the prior owner.

27. The Silverado was registered and had insurance.

28. At no point did the Defendants nor Officer Flores tell Plaintiff that he was being detained because of the expired plates.

29. Defendant Liebermann directed Defendant Black to arrest Plaintiff and to place him in handcuffs.

30. Defendant Black did not ask Defendant Liebermann in Plaintiff's presence why Plaintiff was being placed under arrest.

31. Defendant Liebermann did not tell Defendant Black in Plaintiff's presence why Plaintiff was being placed under arrest.

32. Defendants did not have a warrant to arrest Plaintiff.

33. Defendants did not have probable cause to arrest Plaintiff.

34. Defendant Black arrested Plaintiff and handcuffed Plaintiff.

35. Defendant Black then took Plaintiff to the side of the road and searched Plaintiff. Defendant Black had neither probable cause nor even a reasonable suspicion to search Plaintiff.

36. Defendant Liebermann conducted his second search of Plaintiff. During this search, Defendant Liebermann removed the keys for the Silverado from Plaintiff's pocket. Defendant Liebermann had neither probable cause nor even a reasonable suspicion to search Plaintiff a second time.

37. Defendant Liebermann began to search the Silverado.

38. Defendants kept Plaintiff under arrest and in handcuffs for at least 45 minutes. Plaintiff was forced to stand by the side of the road for the entire time. The arrest and search occurred  four to five blocks away from Plaintiff's home. Plaintiff was forced to stand for at least 45 minutes in handcuffs in an area where his neighbors, friends and potential customers could see.

39. Sometime after Defendant Liebermann started the search of the Silverado, Officer Post arrived at the scene with a canine.

40. Officer Post walked the canine around the Silverado two or three times and stated that the canine indicated the presence of some type of drug.

41. There were no drugs in the Silverado. The search did not discover any illegal drugs or other type of contraband.

42. The search was conducted primarily by Defendant Liebermann and lasted at least 45 minutes.

43. During the search, one of the officers broke the bug guard on the Silverado.

44. After Defendant Liebermann completed his search, he directed Defendant Black to release Plaintiff.

45. Plaintiff was not issued a ticket or a warning for any traffic violation.

46. Other than the brief discussion concerning expired license plates, Plaintiff was not asked any questions about a traffic violation. Nor was Plaintiff even asked where he came from or where he was going.

47. Defendant Liebermann did not question Plaintiff about any type of traffic violation.

48. Almost one hour elapsed from the time Defendant Lieberman pulled Plaintiff over to his directing Defendant Black to release Plaintiff.

**Count I**
**Section 1983**
**(False Arrest/Unreasonable Seizure Under The Fourth Amendment)**

49. Plaintiff incorporates Paragraphs 1 through 48, above, by reference as if fully rewritten herein.

50. Defendants, at all times relevant to this Action, were acting under color of state law.

51. Defendants unlawfully arrested and seized Plaintiff without probable cause or a warrant in violation of the Fourteenth Amendment to the Constitution of the United States.

52. Defendants arrested Plaintiff without probable cause so they could search Plaintiff's vehicle.

53. Defendants intended to confine and seize Plaintiff because Plaintiff refused to consent to a search of his vehicle.

54. Defendants' actions were not taken in good faith and were in violation of clearly established law.

55. As a direct and proximate result of Defendants' unreasonable and unlawful actions, the Plaintiff has suffered damages for the violation of his constitutional rights.

56. Defendants' actions were motivated by an evil motive or intent against Plaintiff, or involved a "callous indifference to the federally protected rights" of the Plaintiff.

WHEREFORE, Plaintiff, Timothy Scaman, seeks a judgment against Defendants, Michael R. Liebermann and Brett Black, for:

a. Compensatory damages for the violation of his constitutional rights and the emotional distress caused by their actions;

b. Punitive damages to the fullest extent permitted by law;

c. Prejudgment and post-judgment interest;

d. Declare that the Defendants' actions violated the Fourth Amendment to the United States Constitution;

e. Costs incurred in this action and reasonable attorney's fees under 42 U.S.C. Section 1988; and

f. Such other and further relief as may become apparent from discovery in this matter.

**Count II**
**Section 1983**
**(Unreasonable Search Under the Fourth Amendment)**

57. Plaintiff incorporates Paragraphs 1 through 48, above, by reference as if fully rewritten herein.

58. Defendants, at all times relevant to this Action, were acting under color of state law.59. Defendants unlawfully searched Plaintiff's vehicle without probable cause or a warrant.

60. Defendants' actions were not taken in good faith and were in violation of clearly established law.

61. As a direct and proximate result of Defendants' unreasonable and unlawful actions, the Plaintiff has suffered damages for the violation of his constitutional rights.

62. Defendants' actions were motivated by an evil motive or intent against Plaintiff, or involved a "callous indifference to the federally protected rights" of the Plaintiff.

WHEREFORE, Plaintiff, Timothy Scaman, seeks a judgment against Defendants, Michael R. Liebermann and Brett Black, for:

a. Compensatory damages for the violation of his constitutional rights and the emotional distress caused by their actions;

b. Punitive damages to the fullest extent permitted by law;

c. Prejudgment and post-judgment interest;

d. Declare that the Defendants' actions violated the Fourth Amendment to the United States Constitution;

e. Costs incurred in this action and reasonable attorney's fees under 42 U.S.C. Section 1988; and

f. Such other and further relief as may become apparent from discovery in this matter.

**Count III**
**Section 1983**
**(Unreasonable Search Under the Fourth Amendment)**

63. Plaintiff incorporates Paragraphs 1 through 48, above, by reference as if fully rewritten herein.

64. Defendants, at all times relevant to this Action, were acting under color of state law.

65. Defendant Liebermann unlawfully searched Plaintiff immediately after instructing Plaintiff to get out of the Silverado. Defendant Liebermann had neither probable cause nor reasonable suspicion to search Plaintiff.

66. Defendant Black unlawfully searched Plaintiff after Plaintiff was unlawfully arrested. Defendant Black did not have probable cause to search Plaintiff.

67. Defendant Liebermann unlawfully searched Plaintiff after Plaintiff was unlawfully arrested and seized the keys to the Silverado so he could conduct an unlawful search of the Silverado.

68. Defendants' actions were not taken in good faith and were in violation of clearly established law.

69. As a direct and proximate result of Defendants' unreasonable and unlawful actions, the Plaintiff has suffered damages for violation of his constitutional rights.

70. Defendants' actions were motivated by an evil motive or intent against Plaintiff, or involved a "callous indifference to the federally protected rights" of the Plaintiff.

WHEREFORE, Plaintiff, Timothy Scaman, seeks a judgment against Defendants, Michael R. Liebermann and Brett Black, for:

a. Compensatory damages for the violation of his constitutional rights and the emotional distress caused by their actions;

b. Punitive damages to the fullest extent permitted by law;

c. Prejudgment and post-judgment interest;

d. Declare that the Defendants' actions violated the Fourth Amendment to the United States Constitution;

e. Costs incurred in this action and reasonable attorney's fees under 42 U.S.C. Section 1988; and

f. Such other and further relief as may become apparent from discovery in this matter.

**Count IV**
**State Law Claim**
**(False Arrest)**

71. Plaintiff incorporates Paragraphs 1 through 48, above, by reference as if fully rewritten herein.

72. Defendants unlawfully arrested and seized Plaintiff without probable cause, a warrant or even reasonable suspicion that he had committed any crime.

73. Defendants arrested Plaintiff so they could search Plaintiff's vehicle.

74. Defendants intended to confine and seize Plaintiff because plaintiff refused to consent to a search of his vehicle.

75. Defendants' actions were not taken in good faith and were in violation of clearly established law.

76. As a direct and proximate result of Defendants' unreasonable and unlawful actions, the Plaintiff has suffered damages.

77. Defendants' actions were motivated by an evil motive or intent against Plaintiff, or involved a callous indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, Timothy Scaman, seeks a judgment against Defendants, Michael R. Liebermann and Brett Black, for:

a. Compensatory damages for the violation of his constitutional rights and the emotional distress caused by their actions;

b. Punitive damages to the fullest extent permitted by law;

c. Prejudgment and post-judgment interest;

d. Costs incurred in this action; and

e. Such other and further relief as may become apparent from discovery in this matter.

Dated; April 01, 2025 **LAW OFFICE OF GEORGE M. SANDERS, P.C.**

By:__________/s/ George M Sanders________

George M. Sanders
Attorney #42373
161 N. Clarke Street, Suite 1600
Chicago, IL 60601
312/624-7641 (tel)
312/523-2001 (fax)
gsanders@gmslaw.net